Certificate of Merit: Pursuant to (735 ILCS 5/2-622)

In the matter of Lizell Bryant, Undiagnosed Renal Carcinoma

I am a licensed physician in Illinois, licensed to practice medicine in all its branches. I have been licensed to practice medicine in Illinois since May, 2003. I am an African-American physician.

My specialty is urology, the care and treatment of problems related to urological conditions. I am generally familiar with the issues related to the medical care and treatment of urological problems, including cancers of the kidney.

I have reviewed the case of Lizell Bryant (D.O.B. 9-17-54) in regards to his diagnosis of right kidney cancer and his right nephrectomy. I understand he is now classified as stage 4, the kidney cancer having returned and metastasized outside its original site of origin.

I believe there are reasonable and meritorious bases for filing a medical malpractice cause of action against Wexford Health Sources, Kurt Osmundson, D.O. and Stephen Ritz, M.D.

The basis for my opinion relates to my discussions with Plaintiff Lizell Bryant's legal counsel, my review of the proposed complaint, and review of the relevant medical records from the Illinois Department of Correction facilities: Illinois River Correctional Center, Centralia Correctional Center, and Vienna Correctional Center. I have also reviewed various medical records that were obtained from specialty medical providers outside the prisons.

Conclusions

Mr. Bryant had a history of a prior inguinal hernia that became incarcerated causing him a life-threatening event. It is my understanding the patient suffered the incarcerated hernia on Sept. 23, 2015.

A review of Mr. Bryant's medical records reveals his urine tests showed signs of abnormalities as far back as Jan. 3, 2012. At this time, Mr. Bryant is 65-years of age, soon to be 66.   About 75% of persons diagnosed with Renal Cell Carcinoma are over the age of 60.  [1]

He had findings of blood identified in his urine at that time, along with white blood cells. Over the ensuing 6 years, he had numerous abnormal urine tests on multiple occasions. During the roughly 6-year period, there was never an attempt to properly investigate the cause of his abnormal urine tests.

Blood in the urine, whether it is gross blood observable with the naked-eye or microscopic blood seen under the microscope, is an abnormal finding which should be evaluated and worked up to identify the etiology of the blood. Blood in the urine is very often an early clinical sign of urological cancers. According to the CDC, in the United States in 2014, among men, Black men are the most likely to get kidney and renal pelvis cancers (24.7 per 100,000), [2] Mr. Bryant was a

---

[1] Racial Disparities and Preventive Measures to Renal Cell Carcinoma, Int J Environ Res Public Health. 2018 Jun; 15(6): 1089

[2] Racial Disparities and Preventive Measures to Renal Cell Carcinoma, Int J Environ Res Public Health. 2018 Jun; 15(6): 1089

Certificate of Merit: Pursuant to (735 ILCS 5/2-622)

In the matter of Lizell Bryant, Undiagnosed Renal Carcinoma

black man, with a history of blood in his urine, and he was in the age range when renal cell cancers are diagnosed. African Americans generally present at an earlier disease stage however, survival rates are worse. [3] Suffice it to say, Mr. Bryant had an increased risk and increased likelihood of renal cell carcinoma, given his history and clinical findings. He had multiple findings of blood in his urine between 2012 and 2018. One instance alone would have been enough to cause concern.

He had evidence of abnormal urine lab tests and/or abnormal blood in his urine on at least the following dates:

Jan. 3, 2102, including blood in urine
Jan. 10, 2013
Dec. 23, 2013
April 9, 2015
Sept. 23, 2015
March 31, 2016
May 9, 2016
June 9, 2016, including blood
June 23, 2016 including blood
July 21, 2016
Nov. 21, 2017, including large amounts of blood
Jan. 30, 2018, including large amounts of blood
Feb. 2, 2018, including large amounts of blood
Feb. 6, 2018, including large amounts of blood
Feb, 7, 2018, including blood
Feb. 9, 2018, passing blood in urine with clots
Feb. 14, 2018, blood in urine with clots
March 1, 2018, pt. brought sample of blood in urine with clots
March 12, 2018, significant blood in urine
May 29, 2018, medical records document 2-year history of chronic hematuria
June 8, 2018, active bleeding/hematuria
June 19, 2018, CT scan showed findings suspicious of renal cell carcinoma
August 29, 2018, nephrectomy confirming renal carcinoma (cancer)
Aug. 1, 2019, CT scan reveals likely recurrence of metastatic cancer, stage 4

---

[3] Racial Disparities and Preventive Measures to Renal Cell Carcinoma, Int J Environ Res Public Health. 2018 Jun; 15(6): 1089

Certificate of Merit: Pursuant to (735 ILCS 5/2-622)

In the matter of Lizell Bryant, Undiagnosed Renal Carcinoma

Weight loss is a common sign of occult cancer. On July 26, 2016, Defendant Dr. Osmundson saw Plaintiff and documented the patient had experienced an 8-lb weight loss over two months, with dizziness, and fatigue. Defendants did not do a clinical work up for cancer at that time.

Renal cell carcinomas often bleed chronically, but slowly and persistently. They often lead to anemia, or low blood counts. Mr. Bryant's clinical history is replete with evidence of unexplained anemia. He was found to be anemic at least on the following dates:

| | | |
|---|---|---|
| Aug. 3, 2016 | Jan. 9, 2017 | Feb. 14, 2018 |
| Aug.31, 2016 | March 1, 2017 | June 5, 2018 |
| Sept. 13, 2016 | | |
| Nov. 18, 2016 | | |
| Nov. 21, 2016 | | |

These findings of anemia, abnormal urine tests, and weight loss should have resulted in the defendants performing a clinical work-up to diagnose an occult urological cancer.

I believe the Defendant Wexford Health Sources, Defendant Kurt Osmundson, D.O., and Defendant Stephen Ritz, M.D. were are clinically negligent in the care and treatment of Lizell Bryant. The review of his clinical history and the findings on his lab tests all warranted aggressive and complete work-up for potential urological carcinoma (cancer).

I conclude that there is a reasonable and meritorious cause for filing of such action against the defendants. They failed to perform a proper work-up of the patient.

I believe it is appropriate to proceed with a lawsuit against each of the Defendants. I believe it is reasonable to pursue a lawsuit against the defendants based on allegations of careless and negligent acts or omissions which directly and proximately caused injury to the Plaintiff, including:

a.    Failing or refusing to conduct a proper medical history upon Plaintiff's numerous complaints of blood in his urine;

b.    Failing or refusing to conduct a proper physical examination, diagnostic testing and/or outside specialty referral upon Plaintiff's numerous complaints of blood in his urine;

c.    Failing to properly and timely evaluate the cause of Plaintiff's acute anemia;

d.    Failing to properly and timely evaluate the cause of Plaintiff's chronic anemia;

e.    Failing to properly and timely evaluate the cause of Plaintiff's chronic hematuria;

f.    Failing to properly and timely evaluate the cause of Plaintiff's weight loss;

g.    Failing to properly and timely evaluate the cause of Plaintiff's fatigue;

h.    Failing or refusing to refer Plaintiff to a specialist;

In the matter of Lizell Bryant, Undiagnosed Renal Carcinoma

i.  Failing to properly and timely follow the recommendations of specialty medical consultants;

j.  Failing or refusing to see Plaintiff as necessary to properly diagnose and treat his condition;

k.  Failing to properly and timely monitor and treat Plaintiff's renal cancer;

l.  Failing to properly and timely refer Plaintiff for post-operative follow-up after his initial nephrectomy;

m.  Failing to appeal or otherwise circumvent the Wexford collegial review process when the resultant decisions were contrary to accepted medical standards, contrary to the recommendations of specialists, and/or jeopardized the health and well-being of the Plaintiff;

n.  Otherwise failing to take reasonable measures to address Plaintiff's serious condition.

I have conferred with Thomas Pliura, M.D., J.D., legal counsel for Lizell Bryant, and discussed my opinions with him. He has prepared this written report based upon our consultations. I agree with the matters stated herein and affix my signature below. My opinions are based upon a reasonable degree of medical certainty.



Date: 8/21/2020